NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>KENNETH NG,<br><br>Defendant-Appellant. | No.  18-10005<br><br>D.C. No. 3:15-cr-00323-VC-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 14, 2019[**]
San Francisco, California

Before:  SCHROEDER, O'SCANNLAIN, and RAWLINSON, Circuit Judges.

Defendant Kenneth Ng appeals his convictions for possessing and distributing methamphetamine and conspiracy to do the same.  *See* 21 U.S.C. § 841(a)(1), (b)(1); 21 U.S.C. § 846.  After an evidentiary hearing, the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court denied his pre-trial motion to suppress, finding that the interview was noncustodial. Ng contends this was error. We affirm.

The factual findings underlying the district court's decision are reviewed for clear error. *United States v. Cazares*, 788 F.3d 956, 979 (9th Cir. 2015) (citation omitted). "These factual findings include 'scene and action-setting questions,' as well as 'the circumstances surrounding the interrogation.'" *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009) (quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)).

The district court's factual findings in this case are not clearly erroneous, and they support the district court's legal conclusion that Ng's interview was noncustodial. *See id*. at 883-84 (outlining factors guiding the determination). The district court found the testimony of the government witnesses credible and reached its decision after a two-day evidentiary hearing. Although Ng contends that he was taken forcefully to the police station and that he was subjected to coercive questioning, the district court discredited Ng's characterization of the circumstances surrounding his interrogation, finding instead on the basis of the evidentiary record that he voluntarily agreed to go to the station in order to provide a statement. There was no error, and the evidence of guilt was overwhelming.

**AFFIRMED.**